IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba INTERMOUNTAIN MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>TYCO INTEGRATED SECURITY, LLC; and BLUE CROSS BLUE SHIELD OF ALABAMA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**<br><br>Case No. 2:17-cv-00747-DN<br><br>District Judge David Nuffer |

This case is brought under the Employee Retirement Income Security Act of 1974 ("ERISA").[1] Plaintiff IHC Health Services, Inc. ("IHC") is a healthcare service provider seeking to collect amounts owed for unpaid medical bills for healthcare services it rendered to patient, J.B., from July 3, 2014, through July 5, 2014.[2] J.B. had health insurance coverage through an employee benefit plan (the "Plan") provided by Defendant Tyco Integrated Security, LLC ("Tyco").[3] Defendant Blue Cross Blue Shield of Alabama ("BCBSAL") was J.B.'s health insurer under the Plan.[4]

IHC's Amended Complaint asserts three causes of action under ERISA against Tyco and BCBSAL: (1) recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duties under 29 U.S.C. §§ 1104, 1109, 1132(a)(2), and 1132(a)(3); and (3) failure to produce

---

[1] First Amended Complaint ("Amended Complaint") ¶ 15, docket no. 3, filed Aug. 1, 2017.

[2] *Id*. ¶¶ 1, 13-14, 24-28.

[3] *Id*. ¶ 4-9; Defendants' Tyco Integrated Security LLC and Blue Cross Blue Shield of Alabama's Motion to Dismiss and Memorandum ("Motion to Dismiss") at 3, docket no. 7, filed Oct. 19, 2017.

[4] Amended Complaint ¶¶ 7-9; Motion to Dismiss at 3.

plan documents upon written request under 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1).[5] Tyco and BCBSAL seek dismissal of the Amended Complaint for failure to state a claim upon which relief may be granted.[6] They argue IHC lacks standing to sue under ERISA;[7] failed to exhaust available administrative remedies under the Plan;[8] and may not maintain its claim for breach of fiduciary duties alongside its claim for recovery of plan benefits.[9]

Because the assignment of benefits IHC received from J.B. authorizes it to bring suit under ERISA, and because IHC alleges it timely submitted administrative appeals, Tyco and BCBSAL's Motion to Dismiss[10] is DENIED in part. However, the Motion to Dismiss[11] is GRANTED as to IHC's breach of fiduciary duties claim because adequate relief is available for IHC's alleged injuries under its recovery of plan benefits claim.

## DISCUSSION

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[12] When considering a motion to dismiss for failure to state a claim, the thrust of all

---

[5] Amended Complaint ¶¶ 35-58.

[6] Motion to Dismiss.

[7] *Id*. at 6.

[8] *Id*. at 7-9; Defendants' Tyco Integrated Security LLC and Blue Cross Blue Shield of Alabama's Reply Brief in Further Support of Motion to Dismiss ("Reply") at 6-7, docket no. 18, filed Nov. 30, 2017.

[9] Reply at 4-6.

[10] Docket no. 7, filed Oct. 19, 2017.

[11] *Id*.

[12] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

2

well-pleaded facts is presumed, but conclusory allegations need not be considered.[13] The complaint's legal conclusions and opinions also will not be accepted, even if couched as facts.[14]

Additionally, when ruling on a motion to dismiss ERISA claims under Rule 12(b)(6), benefits plans and other documents, if they are "referred to in the complaint" and are "central to the plaintiff's claim[,]" may be considered without converting the motion into a summary judgment motion.[15]

### IHC's assignment of benefits authorizes to bring suit under ERISA

Tyco and BCBSAL argue IHC lacks standing to sue under ERISA.[16] "In the ERISA context, civil suits may only be filed 'by a participant or beneficiary' of an ERISA plan 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'"[17] This means healthcare providers, such as IHC, "generally are not considered beneficiaries or participants under ERISA and thus lack standing to sue unless they have a written assignment of claims from a patient with standing to sue under ERISA."[18]

IHC's Amended Complaint alleges IHC received a written assignment of benefits from J.B., which authorizes it to purse ERISA claims.[19] Tyco and BCBSAL acknowledge IHC

---

[13] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); s*ee also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[15] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[16] Motion to Dismiss at 4-6; Reply at 4-8.

[17] *Yarbary v. Martin*, 643 Fed. App'x 813, 816 (10th Cir. 2016) (quoting 29 U.S.C. § 1132(a)(1)).

[18] *Denver Health and Hosp. Auth. v. Beverage Distrib. Co., LLC*, 546 Fed. App'x 742, 745 (10th Cir. 2013) (internal citation omitted).

[19] Amended Complaint ¶¶ 11-12.

received the assignment of benefits from J.B.[20] However, they argue the assignment of benefits is not broad enough to authorize IHC to sue.[21]

The relevant portion of the assignment of benefits states:

> I[, J.B.,] hereby assign and convey directly to IHC . . . the benefits of any insurance policy or other arrangement that may provide payment for some or all of my care, and authorize [IHC] as my attorney-in-fact, if it deems appropriate, to appeal, negotiate, or otherwise pursue payment of any such benefits. I authorize [IHC] to receive such payments and any available remedies in order to pay the charges of its facilities and of any other healthcare provider for whom it bills, and any additional expenses incurred in the pursuit of these benefits.
>
> I hereby appoint [IHC] as my Authorized Member Representative for all purposes related to my appeals, negotiations, or other actions with [BCBSAL] in pursuit of benefits or other coverage related to the above-mentioned accounts.[22]

Tyco and BCBSAL assert that the assignment of benefits is effective as to payment for J.B.'s care and authorizes IHC to appeal the denial of payment, but does not assign IHC the right to sue under ERISA.[23] But this reading ignores the language authorizing IHC to "otherwise pursue payment" and receive "any available remedies."[24] Tyco and BCBSAL's reading of the assignment of benefits also disregards the language appointing IHC as J.B.'s representative "for all purposes related to [J.B.'s] appeals, negotiations, or *other actions* in pursuit of benefits or other coverage[.]"[25] A proper reading of the assignment of benefits confers plain meaning to this

---

[20] Motion to Dismiss at 5-6; Reply at 3-4.

[21] Motion to Dismiss at 6; Reply at 3-4. Tyco and BCBSAL also argued that IHC lacks standing to sue based on the Plan's anti-assignment clause. Motion to Dismiss at 4-6. However, they later withdrew this argument. Reply at 2-3.

[22] Legal Assignment of Benefits and Release of Medical and Plan Documents ("Assignment of Benefits"), docket no. 7-2, filed Oct. 19, 2017.

[23] Motion to Dismiss at 6; Reply at 4.

[24] Assignment of Benefits.

[25] *Id*. (emphasis added).

language. And this language is broad enough to authorize IHC's pursuit of ERISA claims in court. Therefore, Tyco and BCBSAL's Motion to Dismiss[26] is DENIED on this issue.

## IHC sufficiently alleges exhaustion of administrative remedies

Tyco and BCBSAL argue IHC failed to exhaust all available administrative remedies under the Plan before initiating this case.[27] They assert that pursuant to the Plan, if an initial claim is denied, the claimant or an authorized representative has the right to request review through a claim appeal within 180 days.[28] And a claimant or authorized representative has the right to file suit only after the claim appeal is denied.[29] Tyco and BCBSAL maintain that neither J.B. nor IHC properly pursued a claim appeal under the Plan, and that IHC's Amended Complaint fails to allege that all available administrative remedies were exhausted.[30]

"ERISA contains no explicit exhaustion requirement although [the Tenth Circuit Court of Appeals has] observed 'exhaustion of administrative (i.e., company-or plan-provided) remedies is an implicit prerequisite to seeking judicial relief.'"[31] "Otherwise, premature judicial interference with the interpretation of a plan would impede those internal processes which result in a completed record of decision making for a court to review."[32] "Nevertheless, because ERISA itself does not specifically require the exhaustion of remedies available under . . . plans, courts have applied this requirement as a matter of judicial discretion."[33] "In exercising that

---

[26] Docket no. 7, filed Oct. 19, 2017.

[27] *Id*. at 7-9; Reply at 6-7.

[28] Motion to Dismiss at 8 (citing 2014 Summary Plan Description ("Plan") at 227, 228, 231, docket no. 18-1, filed Nov. 30, 2017).

[29] *Id*. (citing Plan at 227, 231).

[30] *Id*.; Reply at 7.

[31] *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998) (quoting *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir. 1990)).

[32] *Id*.

[33] *Id*. (internal quotations and punctuation omitted).

discretion, district courts have eschewed exhaustion under two limited circumstances: first, when resort to administrative remedies would be futile; or, second, when the remedy provided is inadequate."[34]

IHC's Amended Complaint alleges IHC received a written assignment of benefits from J.B. and that it was J.B.'s authorized representative with express authority to pursue J.B.'s claim and claim appeal.[35] The Amended Complaint further alleges IHC timely submitted claims, which were denied.[36] And the Amended Complaint alleges IHC timely submitted claim appeals, and attempted to contact Tyco and BCBSAL or their agents regarding the appeals, but were unsuccessful in their attempts.[37] These allegations are presumed true for purposes of a Rule 12(b)(6) motion to dismiss.[38] While the evidence may later prove otherwise, as Tyco and BCBSAL assert,[39] IHC's allegations are sufficient at this pleading stage to demonstrate IHC exhausted all available administrative remedies, or that exhaustion would have been futile. Therefore, Tyco and BCBSAL's Motion to Dismiss[40] is DENIED on this issue.

**IHC's breach of fiduciary duties claim fails as a matter of law**

Tyco and BCBSAL argue IHC may not maintain its claim for breach of fiduciary duties alongside its claim for recovery of plan benefits.[41] The Supreme Court has recognized "[t]he

---

[34] *Id*.

[35] Amended Complaint ¶¶ 11-12.

[36] *Id*. ¶¶ 21-22.

[37] *Id*. ¶¶ 29-31.

[38] *Cory*, 583 F.3d at 1244.

[39] Motion to Dismiss at 7-9; Reply at 6-7. Tyco and BCBSAL assert J.B. failed to designate IHC as an authorized representative pursuant to the terms of the Plan, and that IHC's filing of informal provider appeals do not comport with the Plan's claim appeal requirements. Motion to Dismiss at 8; Reply at 7. But they cite to no evidence, beyond the Plan's language, to support these assertions.

[40] Docket no. 7, filed Oct. 19, 2017.

[41] Reply at 4-6.

words of [29 U.S.C. § 1132(a)](3)—'appropriate equitable relief' to 'redress' any 'act or practice which violates any provision of this title'—are broad enough to cover individual relief for breach of a fiduciary obligation."[42] However, the Supreme Court has also recognized that "in fashioning appropriate equitable relief, [courts must] keep in mind the special nature and purpose of employee benefit plans, and [give] respect [to] the policy choices reflected in the inclusion of certain remedies and the exclusion of others."[43] Thus, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate."[44]

In applying this precedent, the Tenth Circuit Court of Appeals has held that where the improper denial of plan benefits is the alleged injury arising from a breach of ERISA fiduciary duties, "consideration of a claim under 29 U.S.C. § 1132(a)(3) is improper when [the plaintiff] states a cognizable claim under 29 U.S.C. § 1132(a)(1)(B)[.]"[45] This is because the claim for recovery of plan benefits under § 1132(a)(1)(B) "provides adequate relief for [the] alleged . . . injury."[46] Therefore, "[d]ismissal of the § 1132(a)(3) [breach of fiduciary duties] claim [i]s proper as a matter of law."[47]

IHC's Amended Complaint states that IHC's breach of fiduciary duties claim is brought under 29 U.S.C. §§ 1104, 1109, 1132(a)(2), and 1132(a)(3).[48] But the claim seeks only "equitable damages [under § 1132(a)(3)] in the form of unpaid medical benefits in the amount of

---

[42] *Varity Corp. v. Howe*, 516 U.S. 489, 510 (1996).

[43] *Id*. at 515 (internal quotations omitted).

[44] *Id*. (internal quotations omitted).

[45] *Lefler v. United Healthcare of Utah, Inc.*, 72 Fed. App'x 818, 826 (10th Cir. 2003).

[46] *Id*.

[47] *Id*.

[48] Amended Complaint at 7.

$17,862.08," along with attorneys' fees, costs, and pre- and post-judgment interest.[49] These equitable damages mirror the damages IHC seeks on its claim under § 1132(a)(1)(B) for the recovery of plan benefits.[50] And the alleged injury for both claims is the improper denial of J.B.'s Plan benefits.[51] Because IHC's Amended Complaint asserts a cognizable claim for the recovery of plan benefits under § 1132(a)(1)(B),[52] adequate relief is available for IHC's alleged injury. There is no need for further equitable relief under § 1132(a)(3).[53] Therefore, dismissal of IHC's breach of fiduciary duties claim is proper as a matter of law,[54] and Tyco and BCBSAL's Motion to Dismiss[55] is GRANTED on this issue.

---

[49] *Id*. at 9-10, ¶ 2; *see also id*. ¶¶ 49-50.

[50] *Id*. at 9, ¶ 1; *see also id*. ¶ 44.

[51] *Id*. ¶¶ 43, 47.

[52] *Id*. ¶¶ 35-44.

[53] *Varity Corp.*, 516 U.S. at 515; *Lefler*, 72 Fed. App'x at 826.

[54] *Lefler*, 72 Fed. App'x at 826.

[55] Docket no. 7, filed Oct. 19, 2017.

## ORDER

IT IS HEREBY ORDERED that Tyco and BCBSAL's Motion to Dismiss[56] is DENIED as to the issues of IHC's standing to sue and IHC's exhaustion of administrative remedies.

IT IS FURTHER HEREBY ORDERED that Tyco and BCBSAL's Motion to Dismiss[57] is GRANTED as to IHC's breach of fiduciary duties claim. IHC's breach of fiduciary duties claim[58] is DISMISSED with prejudice.

Signed July 16, 2018.

BY THE COURT

_____
District Judge David Nuffer

---

[56] *Id*.

[57] *Id*.

[58] Amended Complaint ¶¶ 45-50.